IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-16-D

R. ALEXANDER ACOSTA, )
Secretary of Labor, )
)
Plaintiff, )
)
v. ) **ORDER**
)
JARDON & HOWARD )
TECHNOLOGIES, INC., )
and ANN SKARDSKI, )
)
Defendants. )

On May 2, 2018, R. Alexander Acosta, the Secretary of Labor for the United States Department of Labor ("Secretary of Labor" or "plaintiff"), filed an amended complaint on behalf of Daniel R. Carr ("Carr") against Jardon & Howard Technologies, Inc. ("JHT") and Ann Skradsi ("Skradsi") [D.E. 15]. The Secretary of Labor seeks injunctive and other appropriate relief pursuant to section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, et seq. Id. On May 30, 2018, JHT and Skradsi moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted, [D.E. 18], and filed a memorandum in support [D.E. 19]. See Fed. R. Civ. P. 12(b)(6). On May 30, 2018, the Secretary of Labor responded in opposition [D.E. 20]. As explained below, the court denies JHT's and Skradsi's motion to dismiss.

I.

From September 2007 to December 8, 2014, Carr worked as a medical laboratory technician for JHT. See Am. Compl. [D.E. 15] ¶ 6. On December 4, 2014, Carr sent an e-mail to Jennifer Potts ("Potts"), a biologist for the National Oceanic and Atmospheric Administration ("NOAA"), that expressed safety concerns over the recent installation of algal labs near his office. See id. ¶ 7. On

the same day, Potts forwarded Carr's e-mail to the Chief of the Sustainable Fisheries at NOAA, Dr. Erik Williams ("Williams"), and stated that Carr's safety concerns were "not without merit." Id. ¶ 8. On December 5, 2014, and at Williams's direction, Carr forwarded his e-mail to the Deputy Director of the NOAA Beaufort Laboratories, James L. Guyton ("Guyton"). See id. ¶¶ 9–10. On the same day, Guyton advised Carr that his concerns about potential safety issues from the labs should be relayed to the JHT Program Manager, Skradsi, who Guyton copied on the e-mail. See id. ¶¶ 5, 11. On December 8, 2014, Skradsi informed Carr that JHT had terminated his employment. Id. ¶ 13.

On May 2, 2018, the Secretary of Labor filed an amended complaint on behalf of Carr that alleged that defendants discriminated against Carr in violation section 11(c)(1) of the Occupational Safety and Health Act of 1970 by terminating his employment in retaliation for Carr reporting safety concerns. See [D.E. 15] ¶ 15; 29 U.S.C. § 660(c)(1). The Secretary of Labor seeks permanent injunctive relief against future violations by defendants, reimbursement to Carr in an amount equal to his lost wages and accrued interest, reinstatement of Carr to a comparable position, and other appropriate relief. See [D.E. 15] 4–5. On May 30, 2018, JHT and Skradsi moved to dismiss the Secretary of Labor's amended complaint under Federal Rule of Civil Procedure 12(b)(6). JHT and Skradsi argue that the doctrine of laches bars the complaint because approximately three years passed between when Carr initially notified the Department of Labor of the alleged violation of section 11(c)(1) and when the Secretary of Labor filed the complaint. See [D.E. 18] 1; [D.E. 19] 3–6; cf. [D.E. 15] ¶¶ 14–15.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–

2

63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

Laches is an affirmative defense. See Fed. R. Civ. P. 8(c)(1). A "motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) . . . generally cannot reach the merits of an affirmative defense" except in the "rare" circumstance in which facts sufficient to rule on the affirmative defense are alleged in the complaint. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); see U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 148 (4th Cir. 2014); Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). Although courts can consider laches in the context of a motion to dismiss under Rule 12(b)(6), laches requires a fact-intensive analysis that is usually inappropriate to resolve on the face of the complaint. See E.E.O.C. v. Am. Nat'l Bank, 574 F.2d 1173, 1176 (4th Cir. 1978); Champion Labs., Inc. v. Cent. Ill. Mfg. Co., 157 F. Supp. 3d 759, 765–66 (N.D. Ill. 2016); Lennon v. Seaman, 63 F. Supp. 2d 428, 438–39 (S.D.N.Y. 1999).

3

Although the Secretary of Labor filed the complaint approximately three years after JHT terminated Carr's employment, no facts appear on the face of the complaint showing either plaintiff's lack of diligence or prejudice to defendants. See E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 409 (4th Cir. 2005); E.E.O.C. v. Radiator Speciality Co., 610 F.2d 178, 183 (4th Cir. 1979); E.E.O.C. v. S.C. Nat'l Bank, 562 F.2d 329, 332 (4th Cir. 1977). Accordingly, the court declines to resolve the laches issue on a motion to dismiss under Rule 12(b)(6).

Alternatively, even if it were proper to evaluate defendants' laches defense at this time, the defense fails. Laches requires a defendant to prove "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Navy Fed. Credit Union, 424 F.3d at 409. Laches, however, does not apply against the United States when acting to enforce a public right or to protect a public interest. See U.S. Immigration and Naturalization Serv. v. Hibi, 414 U.S. 5, 8 (1973) (per curiam); Costello v. United States, 365 U.S. 265, 281 (1961); United States v. Summerlin, 310 U.S. 414, 416 (1940); United States v. Jones, 532 F. App'x 321, 322 (4th Cir. 2013) (per curiam) (unpublished); Woods v. Wayne, 177 F.2d 559, 561 (4th Cir. 1949); Leonard v. Gage, 94 F.2d 19, 24–25 (4th Cir. 1938).

The Fourth Circuit has not yet addressed whether section 11(c) furthers public or private interests. In a different context, however, the Fourth Circuit has characterized section 11(c) as protecting "workers in all industries from retaliation for filing a complaint, instituting a proceeding, testifying, or exercising rights related to safety and health in the workplace." Lee v. Norfolk S. Ry. Co., 802 F.3d 626, 633 (4th Cir. 2015). Moreover, the "fundamental objective" of the Act is "to prevent occupational deaths and injuries." Whirlpool Corp. v. Marshall, 445 U.S. 1, 11 (1980). Furthermore, other federal circuit courts have held that section 11(c) primarily protects public interests. See Donovan v. Square D Co., 709 F.2d 335, 340–41 (5th Cir. 1983); Marshall v.

4

Intermountain Elec. Co., 614 F.2d 260, 262 (10th Cir. 1980). Indeed, the Occupational Safety and Health Act itself indicates that its primary goals are public in nature, namely "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b). In addition, section 11(c) does not contain any private right of action. See Square D Co., 709 F.2d at 338–39.

This court concludes that a suit to obtain relief for an employee under section 11(c) primarily advances public interests despite authorizing some private relief for individual employees. See, e.g., Perez v. E. Awning Sys., Inc., No. 3:15-CV-1692 (MPS), 2018 WL 4926447, at *2–3 (D. Conn. Oct. 10, 2018) (unpublished); Donovan v. Diplomat Envelope Corp., 587 F. Supp. 1417, 1424 (E.D.N.Y. 1984); Donovan v. R.D. Andersen Constr. Co., 552 F. Supp. 249, 251 (D. Kan. 1982). Accordingly, laches does not bar the Secretary of Labor's action under section 11(c).

III.

In sum, the court DENIES defendants' motion to dismiss [D.E. 18].

SO ORDERED. This 2 day of November 2018.

JAMES C. DEVER III
United States District Judge

5